THE SHELL COMPANY (P. R.) LIMITED y ESSO STANDARD OIL COMPANY (P. R.), demandantes y recurridas, *v.* JOSÉ BERROCAL, en su carácter de TESORERO DEL GOBIERNO DE LA CAPITAL; EL GOBIERNO DE LA CAPITAL DE PUERTO RICO; EL MUNICIPIO DE PONCE y EL MUNICIPIO DE GUAYNABO, demandados y recurrentes.

Número 12161.

*Sometido:* 6 de marzo de 1959. *Resuelto:* 21 de diciembre de 1960.

40

*Alberto Picó,* abogado de los recurrentes Gobierno de la Capital y su Tesorero Sr. Berrocal; *P. E. Muñiz Ramos* y *Luis Torres Bonet,* abogados, respectivamente, de los recurrentes Municipio de Ponce y Municipio de Guaynabo; *Sifre & Ruiz Suria,* abogados de la recurrida The Shell Co. (P. R.) Limited; *Beverley, Castro* y *López Baralt,* abogados de la recurrida Esso Standard Oil Company (P.R.).

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La Shell es una compañía inglesa que se dedica a la venta de gasolina y otros productos derivados del petróleo en toda la isla de Puerto Rico. Tiene su oficina principal

en la ciudad de San Juan, y en dicha oficina están situadas la gerencia, el departamento de operación, la división de compras, la división de finanza, la división de la promoción de ventas, la división de personal, la división de publicidad, los oficiales de relaciones públicas y cierta unidad de ayuda legal.

La compañía tiene establecidas tres oficinas de distrito en las ciudades de Ponce, Mayagüez y Guaynabo e instalados tanques de gasolina en Guaynabo y Guayanilla. Estas oficinas de distrito están a cargo de un gerente de distrito y los dos tanques de almacenaje a cargo de un superintendente de planta. Todas las compras para la distribución de los productos de petróleo y el equipo de las distintas oficinas de la isla se hacen por la oficina principal de San Juan. En cada oficina de distrito hay vendedores, oficinistas y algunos obreros y en cada planta de almacenaje hay supervisores de distribución, de equipo, de construcción, mecánicos, electricistas, chóferes y obreros semi-diestros. Todos estos empleados, con excepción de algunos obreros incidentales, se nombran y se despiden por la oficina de San Juan, y es en esta oficina donde se hacen las nóminas para el pago de los mismos.

La parte del territorio que le corresponde a cada oficina de distrito no está claramente especificado por la prueba. Tal parece que la oficina de Guaynabo cubre desde el pueblo de Aguada hasta Yabucoa y por el centro hasta San Lorenzo, Cayey, Orocovis y Ciales. La oficina de Guaynabo cubre la totalidad del área metropolitana, incluyendo el perímetro total de la Capital de Puerto Rico. En cuanto a ventas, la prueba establece que la cuarta parte de las ventas se realizan dentro de la ciudad de San Juan, Capital de Puerto Rico; otra cuarta parte en los pueblos cubiertos por la oficina de Guaynabo, con excepción de San Juan; otra cuarta parte por la oficina de distrito de Ponce y otra por la oficina de Mayagüez. Salvo algunas excepciones, que no

son importantes, las ventas se realizan por las oficinas de distrito, por gestiones de los vendedores asignados a la oficina de distrito, aunque las órdenes de ventas se obtienen, tanto en las tres ciudades donde están situadas las oficinas de distrito, como en las ciudades y pueblos cubiertos por el territorio que atienden las oficinas de distrito.

Las ventas son de dos clases, ventas al contado y ventas a crédito. Casi todas las ventas al contado son aquellas que se realizan con las estaciones de gasolina. Todos los contratos con las estaciones de gasolina se aprueban, se preparan y otorgan en la oficina de San Juan. Cuando se trata de ventas al contado, en las oficinas de distrito se preparan las facturas, se cobran por dichas oficinas y el importe de ellas se envía diariamente a la oficina principal, mediante la compra de un cheque del gerente en un banco local a favor de la compañía, con excepción de la oficina de distrito de Guaynabo, que por no tener banco local, se deposita diariamente en un banco de San Juan, pero en la cuenta general de la compañía.

Si se trata de ventas a crédito, la orden de compra se remite a la oficina principal, en dicha oficina se preparan los recibos y se cobran directamente por ella. En las ventas a crédito, la oficina principal le envía al gerente de distrito una copia de las cuentas pendientes de cobro para que éste gestione, si necesario fuere, el pago de las mismas. Hay indicaciones en la prueba sobre ventas al detall realizadas por la compañía, pero el montante de ellas es difícil de desglosar dentro del montante general, y puede concluirse, que las ventas al por mayor constituyen el caso general y las ventas al detall la excepción. Siendo esto así consideraremos el volumen de ventas estipulado como ventas al por mayor.

Para la extensión de crédito, con excepción de crédito hasta cien dólares para lo cual está autorizado el gerente de distrito, se sigue el siguiente procedimiento: la solicitud de

apertura de crédito se presenta por el comprador potencial en la oficina de distrito; el gerente de distrito la remite a la oficina principal; la división de finanzas estudia la solicitud, investiga la situación económica del solicitante y determina si se le extiende o no el crédito al solicitante y hasta qué cantidad y se le notifica tanto a las oficinas de distrito como al solicitante. Después de autorizada la extensión de crédito, el gerente de distrito, le vende a crédito al comprador potencial hasta la cantidad de crédito que le ha sido extendida, sin otra intervención por parte de la oficina central.

Las oficinas de distrito funcionan bajo las órdenes de la oficina principal, bien a través de órdenes individuales o en virtud de la reglamentación de distribución, venta y crédito preparada por la oficina principal. Fuera de la facultad para emplear ocasionalmente algunos obreros y de la extensión de crédito hasta cien dólares de que ya hemos hablado, los gerentes de distrito no tienen ninguna otra autoridad que no sea la de vender, cobrar lo adeudado a la compañía y ordenar el despacho de gasolina desde los tanques de almacenaje, para cubrir sus pedidos locales. Sobre esta última autoridad la prueba no es muy satisfactoria que digamos, pues la organización de las superintendencias de planta es mucho más compleja y completa y la supervisión mucho más amplia. Tal parece que fuera de indicar el sitio a donde debe llevarse la gasolina, los gerentes de distrito no tienen ninguna otra facultad en cuanto a la dirección, funcionamiento y coordinación del trabajo de las plantas de almacenaje. Parece que esto está a cargo de una división de distribución (*operation department*) que funciona en la oficina principal.

Hay ciertas dependencias especiales, que funcionan en el aeropuerto, situadas dentro del municipio de Carolina, y un agente con residencia en Caguas y otro en Arecibo, que se supone pertenezcan a la oficina de distrito de Guaynabo, aun-

que en la carta administrativa de la compañía están desglosados separadamente de la oficina de Guaynabo. Además hay ciertos puestos de gasolina que son propiedad de la compañía (*company owned*), algunos arrendados a detallistas independientes y otros no, que no se explica satisfactoriamente cómo funcionan, ni cuánto producen, ni si se trata de ventas al por mayor o al detall, por cuya razón no pasaremos juicio sobre la clase de patente que deben satisfacer, por algún otro renglón que no sea el correspondiente al establecimiento al por mayor.

No hay duda que la Shell se dedica en Puerto Rico a un negocio al por mayor y que su establecimiento principal está en la ciudad de San Juan, Puerto Rico. Si bien es verdad que, por la naturaleza de su negocio, la Shell se ve obligada a tener en Ponce, Mayagüez y Guaynabo ciertas oficinas de distrito y en Guaynabo y Guayanilla ciertos tanques para el almacenaje de la gasolina, todas esas dependencias auxiliares no constituyen negocios separados o distintos al del establecimiento principal, sino que todas juntas forman parte de un solo negocio, el negocio al por mayor de la demandante recurrida. Contrario a lo que concluyó la ilustrada Sala sentenciadora es en San Juan donde está el establecimiento al por mayor y en los distritos las oficinas de venta. Considerar las oficinas de San Juan como meras "oficinas administrativas", es una conclusión errónea sobre la prueba.

 Ahora bien, dilucidada la única cuestión de hecho que presenta este caso, sólo nos resta disponer de la única cuestión de derecho aquí envuelta: Si por el hecho que la Shell venda sus productos en otras ciudades y pueblos distintos a la ciudad donde tiene establecido su establecimiento al por mayor, el Gobierno de la Capital está impedido de imponerle una patente sobre la totalidad del volumen de negocios que realiza en la Isla de Puerto Rico.

El resultado de la prueba nos obliga a descartar cualquier aplicación a estos hechos del artículo 18 inciso 4 de

la Ley 99 de 15 de mayo de 1931, según enmendado por la Ley Número 39 de 28 de abril de 1945—21 L.P.R.A. 1078 sección 421—que autoriza a la Junta de Comisionados del Gobierno de la Capital a imponer contribuciones y arbitrios razonables dentro de los límites jurisdiccionales de la capital, en adición a los ya establecidos por la Ley de Patentes de Industrias y de Comercio. Es claro que dicha disposición se aplica cuando el negocio se encuentra totalmente circunscrito a los límites territoriales de la capital, pero no se aplica, cuando además del negocio llevado a cabo en la capital, el mayorista cubre otros pueblos de la isla, en cuyo caso debe prevalecer la Ley de Patentes.

Siendo esto así, la ley aplicable al caso es la ley Número 26 de 28 de marzo de 1914 que autoriza a los concejos de los Municipios del Estado Libre Asociado de Puerto Rico a imponer y cobrar a toda persona, firma, asociación, sociedad, corporación *u otra forma cualquiera de organización comercial o industrial* dedicada a la explotación de . . . un establecimiento al por mayor una patente municipal, la cual se pagará a los tesoreros de los municipios en que *radiquen tales negocios o industrias*, determinándose su montante de acuerdo con el "volumen de negocios" efectuados durante el año natural inmediatamente anterior, entendiéndose por "volumen de negocios", los ingresos brutos que tenga en cualquier municipio el negocio o industria procedentes de las operaciones que realiza en Puerto Rico.

En cuanto a establecimientos al por mayor se refiere, parece que ha habido cierta confusión, si el "volumen de negocios" debe computarse sólo sobre las operaciones al por mayor que se realicen en el municipio en que radica el establecimiento o casa principal y no sobre la totalidad del "volumen de negocios" realizado en toda la Isla de Puerto Rico, cuando las operaciones al por mayor se extiendan a toda la Isla. Se somete a nuestra decisión el caso de un establecimiento al por mayor que además tiene establecimientos auxiliares, tales

como sucursales, almacenes u otras formas análogas de organización comercial fuera del municipio donde radica el establecimiento al por mayor o casa principal del mayorista.

La Ley número 26 de 1914 tiene disposiciones, que si se examinan detenidamente, buscando un conjunto armónico, aclaran bastante la cuestión. La sección 1 dispone que cuando se trate de negocios o industrias que se tengan, tanto en la casa principal así como en cualquier sucursal o almacén de aquella, en el mismo municipio, la patente se impondrá únicamente a la casa principal, pero sobre la base del importe total de los negocios o industrias que se tienen en la casa principal y en todas sus sucursales y almacenes. Si bien esta disposición se refiere a negocios circunscritos a un solo municipio, el principio de computar el "volumen de negocios" a base de todas las operaciones de la casa principal, sus sucursales y almacenes, resulta evidente.

La sección 4, que es la que define lo que constituye el "volumen de negocios" especifica que dentro de dicho término deben entenderse comprendidos los ingresos brutos que tenga en *cualquier municipio*, el negocio o industria procedentes de las operaciones que realiza *en Puerto Rico*. La distinción resulta más evidente cuando se estudia la enumeración de los negocios que contiene la propia sección 4, tales como negocios de banca, fletes y pasajes, agentes comisionistas o corredores de comercio, servicios telefónicos o eléctricos, negocios todos que para su operación exige más de un municipio, como es el negocio de distribución de gasolina que realiza la demandante recurrida. Siendo Puerto Rico un territorio pequeño, no hay que pensar que al momento de aprobarse la Ley número 26, y mucho menos ahora, se estuviera pensando en que existiera en cada ciudad o pueblo de Puerto Rico un negocio distinto y separado de transporte, comunicación, facilidades bancarias, sobre el cual se pudiera imponer una patente de carácter estrictamente municipal.

De lo expuesto es fácil concluir, que si se trata de un establecimiento al por mayor, con su oficina principal establecida en determinado municipio pero haciendo negocios en toda la isla, la patente debe ser impuesta por el municipio en que radica la oficina principal, independiente de donde radique sus otras organizaciones comerciales, tales como oficinas de ventas, sucursales o almacenes, siempre y cuando la naturaleza de la operación al por mayor esté claramente establecida por la prueba, y el montante de la patente se determinará de acuerdo con el "volumen de negocios" realizado en toda la isla, como lo hizo en este caso el Gobierno de la Capital. El caso de la *Esso Standard Oil Company*, por estar sometido conjuntamente, queda también resuelto por los términos de esta operación.

*Debe revocarse la sentencia dictada.*

Los Jueces Asociados Sres. Pérez Pimentel y Saldaña disintieron.